RAFAEL SERRA RAMÍREZ, Plaintiff and Appellee, *v.* MUNICI-
PALITY OF PONCE, Defendant and Appellant.

No. 6053.   Argued January 25, 1934.—Decided July 3, 1934.

*L. Tormes García* and *Guillermo S. Pierluissi* for appellant.   *R.
Atiles Moreu* and *Erasto Arjona Siaca* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
Court.

This suit was begun by a complaint which copied literally
in its pertinent part reads:

"2.—That plaintiff Rafael Serra Ramírez executed a contract
with the Municipality of Ponce for the performance of a road work
consisting of the construction of the municipal road from Tibes to
San Patricio which contract was executed on November 3, 1928, by
which he agreed to perform the work for the sum of $8,091.09.

"3.—That plaintiff performed said work, to the satisfaction of the
Municipality of Ponce, complying with each and all the conditions
of the contract, and submitted and delivered the work to said
Municipality of Ponce, which accepted it in all its parts, from which
moment the Municipality was under obligation to pay the total price
of said construction which price was agreed in the contract.   That

the Municipality of Ponce, owes of the total sum of $8,091.09 of the the contract price the sum of $1,500, which it accepted as owing on January 12, 1929, by resolution number 7, series of 1929, unanimously approved by the Municipal Assembly of Ponce, and signed by the Mayor of said city of Ponce, and agreed to pay the interests on said sum at the rate of 7% per annum, from the date the debt arose until total payment.

"4.—That the Municipality of Ponce, accepted the work referred to, on January 9, 1929, from which moment it was under obligation to pay the sum of $1,500 which it owes of the total price of the works, plus interests at the rate of 7% per annum, until full payment; and that neither the said Municipality of Ponce, its Municipal Assembly or any of its officials has paid up to this date the said sum of $1,500 nor its interests, nor any part thereof in spite of several demands to that effect; notwithstanding that the Municipality of Ponce has taken possession of and has utilized the road constructed in accordance with said contract, dedicating it to public use."

The defendant municipality answered as follows:

"2.—The facts alleged in the second paragraph of the complaint are denied as alleged and for lack of information.

"3.—Paragraph number 3 of the complaint is denied, and on the contrary it is alleged that if the Municipality of Ponce on January 12, 1929 incurred any debt or obligation to pay the sum of $1,500 to plaintiff, said act is null and *ultra vires* on the part of the Municipality of Ponce, because on that date, January 12, 1929, the Municipality of Ponce did not have funds appropriated with which it could pay said sum of $1,500 nor did it have rents or income during the year 1929–1930 to enable it to incur in said obligation and make the payment and that if said expense was incurred prior to January 12, 1929, there was no appropriation available either at the time for the Municipality of Ponce to pay said sum, nor was there that year sufficient income in the Municipality of Ponce to pay said obligation, constituting thereby any action of the Municipality in that respect a null and *ultra vires* act.

"4.—The allegations of the fourth paragraph of the complaint are denied and on the contrary it is alleged that if the Municipality of Ponce has not paid the $1,500 to which said paragraph refers, it is because said item has not appeared in any budget of expenses of the Municipality of Ponce in any year. Said municipality is subject to the Laws applicatble to the payment by it of any sum of

money, and must comply strictly with the Law and the rules of accounting promulgated by the Auditor of Puerto Rico.

"SPECIAL DEFENSES.—As special defenses defendant alleges:

"1. *Demurrer.*—That the complaint does not state sufficient facts to constitute a cause of action in favor of plaintiff.

"2. That in the budget of the Municipality of Ponce for the year 1930–31 there is no appropriation to pay plaintiff any sum of money.

"3. *Estoppel.*—That plaintiff is estopped to exercise this action of debt because he did not impeach the budget of the Municipality of Ponce for the year 1930–31, during the period allowed by law, and the same was prepared without including any appropriation for plaintiff.

"4. That the Municipality of Ponce can not pay to plaintiff any sum of money for any concept, and far less for that stated in the complaint in this case, without the direct intervention of the Auditor of Puerto Rico, as provided by law and the rules of accounting in effect.

Upon the issue being joined, the case went to trial. The plaintiff himself was called to testify and when shown certain document the following happened:

"What is this?—This is the contract signed by the Department of Interior.

"TORMES: Your honor, the municipality can consent to none of this, but I am going to agree to the following:

"That if Serra testified he would testify as to all the allegations of the complaint; and then, assuming that he testified thus, for the court to render judgment without imposing costs.

"ATILES: Yes.

"JUDGE: Then, in view of the stipulation proposed by Tormes, attorney for the Municipality of Ponce, to the effect that plaintiff Rafael Serra Ramírez, if he testified, would testify as to the allegations of his complaint, it is requested by the defendant Municipality of Ponce. . . .

"TORMES: And that if the court renders judgment for plaintiff the same will be without the imposition of costs.

"JUDGE: Good. Is that proposed stipulation to be presented?

"ATILES: Yes.

"TORMES: There is no objection.

"JUDGE: And this ordinance?

"ATILES: Yes.

"JUDGE: The evidence in the record is then admitted in evidence, marked with the letters A, B, and C, and the contract executed by the Municipality of Ponce with plaintiff, which is marked exhibit D.

"The request then is, that in view of this evidence the court render judgment?

"TORMES: Yes.

"JUDGE: Defendant will not offer any evidence?

"TORMES: No evidence will be presented.

"JUDGE: The court then, in view of the evidence of plaintiff and defendant having presented no evidence, the court renders judgment for plaintiff in this case and sentences defendant the Municipality of Ponce, to pay to plaintiff Rafael Serra Ramírez, the sum of $1,500. Nothing has been said about the interest.

"ATILES: The interest is mentioned in the ordinance of the Municipality.

"TORMES: It is an obligation arising from the ordinance of course, the interest fixed by the court must be at the legal rate.

"JUDGE: Here it is said that at the rate of 7% from the date on which the debt is incurred until total payment.

"TORMES: Then it must be at the rate of 7%.

"JUDGE: Plus interest at the rate of 7% per annum from January 9, 1929 until total payment, without costs.

TORMES: All right.''

The documents admitted in evidence were: Exhibit A, a letter from the Mayor of Ponce dated January 9, 1929 addressed to the plaintiff informing him of the provisional acceptance of the construction work of the first part of the "San Patricio'' road.

Exhibit B, resolution No. 7 of the Municipal Assembly of Ponce "to acknowledge certain debts to be paid from the ordinary budget for the year 1929–1930 to various persons,'' among which was the debt claimed by plaintiff in this suit. It was adopted on January 12, 1929. Its first section reads, in part:

"Section 1.—To accept the following debts, in favor of the persons mentioned herein.''

And its second and third sections, read:

"Section 2.—That all these debts should be included and by the present it is ordered that they be included in the ordinary budget corresponding to the fiscal year 1929–1930 in favor of said creditors, as mentioned in this resolution.

"Section 3.—That once said debts be so included, the Municipality of Ponce agrees to made said payments, plus the corresponding interests at the rate of 7% per annum from the moment the debt arose until full payment."

Exhibit C is a certificate of the construction of the first part of the San Patricio road to be charged to the appropriation of $1,500 for ordinary funds. It was issued on January 8, 1929, by Lorenzo J. Dávila, Chief Engineer of the Department, with the approval of Guillermo Vivas, Municipal Director of Public Works, and the acceptance of Rafael Serra Ramírez, Contractor, and of Vicente Santos, Inspector of Constructions.

And exhibit "D" is the contract for the construction of the road, executed between the municipality and the plaintiff and approved by the Commissioner of the Interior.

As may be seen, the contract clearly appears from the allegations and the evidence. Also the performance of the work by plaintiff and its acceptance by defendant. There is no dispute as to the price. The amount claimed is owing. That it be paid, as ordered by the court, seems the only conclusion to be reached.

However, the appellant Municipality maintains that the payment can not be ordered because the contract which originated the debt is null, its ratification constituting an *ultra vires* act and hence also null.

The appellant municipality assigns as first error the overruling of its demurrer on the ground that the complaint did not allege sufficient facts to constitute a cause of action, for it did not allege that when the construction contract was executed the Municipality had funds available to pay for the work, and that when the debt was acknowledged by Resolu-

tion No. 7 of its assembly the Municipality had funds available during said fiscal year to pay the debt and that as a matter of fact the appropriation was included in the budget for the year 1929–1930.

We are inclined to consider the complaint as sufficient because it must be presumed that the law was complied with when the contract was executed, and hence that the demurrer was properly overruled.

The situation so cleared, let us see if as the case was finally submitted to the district court there was sufficient basis to render judgment in favor of plaintiff.

Appellee maintains that the non-existence of funds at the time the contract was executed is a matter of defense which the Municipality is bound to allege and prove, which it did not do. And that hence, the complaint remained and if it alleges sufficient facts it upholds the judgment.

Appellee is correct. The defendant Municipality made the proper allegation but failed to prove it. And the presumption that the law was complied with remained.

Summing up the jurisprudence on the matter Corpus Juris states:

''The general rule is that every legal presumption will be indulged to support the validity of a municipal contract; and the defense of *ultra vires* must be made good by plea and proof, the burden of proof being upon the party raising it. Even where statutory or charter provisions are mandatory, the presumption is that the authorities in making the contract complied with them.''

The judgment appealed from must be affirmed.